laCANNELLA, Judge.
Defendant, Insurance Company of North America (INA), appeals from a summary judgment finding the existence of insurance coverage for defendants, Western Geophysical Company, Inc. and Western Geophysical Company of America (both hereinafter referred to as WGC) under its policy covering Offshore Navigation, Inc. (ONI), the employer of plaintiff, Ronald Slattery. For the following reasons, we dismiss the appeal.
Plaintiff was allegedly injured in an automobile accident in Argentina while in the employ of ONI. WGC allegedly secured the services of an Argentine company to provide transportation services for plaintiff to the airport in Comodoro Rivadavia. The trial judge granted the summary judgment finding coverage. We question whether this appeal is final, and thus appealable.
La.C.C.P. art. 1915 provides that a final judgment may be rendered, although it may not grant all of the relief prayed for or adjudicate all of the issues in certain enumerated circumstances. La.C.C.P. art. 1915(3) permits the court |3to grant a final partial summary judgment, except for a summary judgment granted pursuant to La.C.C.P. art. 966(D). Art. 966(D) permits a summary judgment to be rendered on the issue of insurance coverage alone, although there is a genuine issue as to liability or the amount of damages. Thus, a summary judgment granted on the issue of insurance coverage is not a final judgment. Under La.C.C.P. art. 2083, only final judgments, interlocutory judgments which may cause irreparable harm *32 and judgments reformed in accordance with a remittitur or additur, are appealable.
The judgment before us is a summary judgment granted on the issue of insurance coverage. Under the provisions of the Code of Civil Procedure, the judgment is not final. Further, we find no irreparable injury requiring appellate review. The appellant’s remedy in this instance is by Supervisory Writ. See: La.C.C.P. art. 2201. In the past, this court routinely converted non-appealable matters to the proper procedural vehicle of writs. However, pursuant to an en bane order issued December 9, 1994, the court no longer engages in this practice. Thus, the appeal must be dismissed.
Accordingly, the appeal is hereby dismissed.

APPEAL DISMISSED.